UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-03272-SVW (SK)                                         Date: January 6, 2026

Title     Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is a citizen of Armenia who on arrival in the United States, in December 2024, was initially inspected by Immigration and Customs Enforcement (ICE) then released on temporary humanitarian parole and ordered to report for ICE check-ins. (ECF 1 at 3, 8, 15). When petitioner appeared for a scheduled ICE parole check-in in June 2025, he was arrested and detained. (*Id*. at 3). The Department of Homeland Security (DHS) reissued an amended Notice to Appear reclassifying petitioner as an arriving alien without parole. (*Id*. at 3, 10). On October 28, 2025, an immigration judge denied petitioner's redetermination request claiming lack of jurisdiction. (*Id*. at 4). Petitioner remains detained at Adelanto Detention Facility.

Alleging that his continued detention is unlawful, petitioner seeks federal habeas relief under 28 U.S.C. § 2241. In their answer to the petition, which the court ordered expedited, respondents argue petitioner's claim for relief fails because petitioner is subject to mandatory detention because immigration judges "lack jurisdiction to conduct bond hearings for arriving aliens." (ECF 6 at 6 (citing *Matter of Q. Li*, 29 I&N Dec. 66). Yet an overwhelming majority of courts within this district reject respondent's view that noncitizens in petitioner's position are subject to mandatory detention with no possibility of bond. *See, e.g.*, *Padilla v. Bowen*, 2025 WL 3251368 (C.D. Cal. Nov. 21, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Helal v. Janecka*, 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025). Under this view, respondents cannot deny that similarly situated petitioners housed at Adelanto Detention Facility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03272-SVW (SK)                             Date: January 6, 2026

Title   Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center, et al.

have been ordered to receive—and been promptly given—a bond hearing notwithstanding respondents' contrary legal positions about the scope or interpretation of the applicable statutes or regulations under the Immigration and Nationality Act (INA).

For his part, petitioner replied to respondents' answer on December 26, 2025, reiterating the same argument that he has been denied a meaningful redetermination hearing, and his continued detention violates due process. While petitioner did not raise arguments consistent with the prevailing view in this district, the court nonetheless finds petitioner to be similarly situated. The court finds those decisions persuasive enough (if nothing else for the sake of treating like cases alike) and would follow them absent new convincing reasons not already raised and considered in those orders. Respondents, however, raise no such new countervailing arguments here.

Respondents are therefore ORDERED TO SHOW CAUSE in writing by no later than **4:00 PM PT on January 9, 2026**, why the § 2241 petition should not be granted to the extent it seeks an immediate individualized bond hearing for petitioner under the reasoning of the decisions in this district ordering such relief on an expedited basis. Respondents may discharge this order by or before the show-cause deadline with written verification that petitioner has received (or is scheduled to receive on a date certain) a post-arrest/post-detention bond hearing consistent with those given to similarly situated noncitizens under orders from this district. Meanwhile, respondents are ordered not to transfer petitioner out of this district while this case remains active.

If petitioner is released on bond (or scheduled to receive a bond hearing on a date certain), petitioner's counsel shall so confirm in writing and file a notice of voluntary dismissal without prejudice under Rule 41(a)(1) if petitioner's release on bond (or scheduled bond hearing) moots this habeas action. If this action is not voluntarily dismissed before then, respondents must file by no later than **January 16, 2026** either (1) a supplemental answer addressing petitioner's reply, or (2) a stipulation and consent judgment (consistent with others entered in this district) enjoining petitioner's rearrest or detention without pre-deprivation notice and hearing. Such consent judgment, however, may preserve any of respondents' arguments concerning the disputed applicability, interpretation, or scope of any INA statutes or regulations at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03272-SVW (SK)                           Date: January 6, 2026

Title        Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center, et al.

    The clerk of court is instructed to docket and email this order to all counsel of record forthwith.

    IT IS SO ORDERED.