UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-03272-SVW (SK)                                   Date: January 14, 2026

Title      Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

|  Connie Chung  |  n/a  |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:                 Attorneys Present for Respondent:

None present                                                      None present

**Proceedings:**      (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT**

　　　On December 4, 2025, petitioner Henrikh Vardanyan filed a habeas petition under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing. (ECF 1).  After briefing, the court ordered respondents to show cause why petitioner should not receive an individualized bond hearing.  (ECF 8).  In response, respondents explained that petitioner received an individualized *Rodriguez* bond hearing on December 8, 2025—four days after the petition was filed.  (ECF 10 at 4).  *Rodriguez* hearings require the Department of Homeland Security ("DHS") to establish by clear and convincing evidence that prolonged detention is necessary.  *Rodriguez v. Robbins*, 804 F.3d 1060, 1087 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 538 U.S. 281 (2018).  Evidently, DHS met its burden, and the Immigration Judge denied bond explaining petitioner is a "flight risk/danger to community."  (ECF 10-1; ECF 10-2).

　　　Respondents now suggest the petition is moot because petitioner received the relief he sought—immediate release *or* a custody redetermination hearing.  (ECF 10 at 9; *see* ECF 1 at 5).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Env.t Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987).  Further,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03272-SVW (SK)                                  Date: January 14, 2026

Title       Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center, et al.

courts have a duty to consider mootness *sua sponte* and should deny requested relief where it is superfluous.  *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).

      Accordingly, petitioner is ordered to show cause why the petition should not be dismissed as moot.  Petitioner may discharge this order by signing and returning the attached Form CV-09y within 14 days of the date of this order.  Failure to return that form on time as ordered or to otherwise timely respond in writing to this order may be deemed petitioner's consent to voluntary dismissal of the petition for the reasons set forth in this order, or it can lead to the immediate closing of this case with no further notice for lack of prosecution and noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

      IT IS SO ORDERED.