UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03272-SVW-SK | Date | March 23, 2026 |
|---|---|---|---|

| Title | *Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center et al* |
|---|---|

**Present: The Honorable**    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [14]

### I.    Introduction

Before the Court is Petitioner Henrikh Vardanyan's ex parte application for a temporary restraining order ("TRO"). ECF No. 14. For the following reasons, Petitioner's ex parte application is DENIED.

### II.    Background

Petitioner Henrikh Vardanyan is a native and citizen of Armenia who applied for admission at the San Ysidro Port of Entry on December 11, 2024 and was subsequently released on parole. Petition ("Pet."), ECF No. 1, Exhibit A; Pet. At 3. Petitioner was then detained on June 4, 2025 at a check-in with Immigration and Customs Enforcement ("ICE"). Pet., Exhibit H. On December 4, 2025, Petitioner filed a Petition for Writ of Habeas Corpus, arguing this Court should release him because: (1) his detention is unconstitutional under the Fifth Amendment Due Process Clause; (2) ICE's denial of parole on August 1, 2025, violated the Administrative Procedure Act; and (3) humanitarian and medical grounds compel

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03272-SVW-SK | Date | March 23, 2026 |
|---|---|---|---|

| Title | *Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center et al* |
|---|---|

release. *See* Pet. On February 10, 2026, Petitioner filed a TRO requesting this Court immediately release him from Respondents' custody. TRO at 8.

### III.     Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

### IV.     Discussion

#### A.  Likelihood of Success on the Merits

In his ex parte application, Petitioner argues he is entitled to relief because his detention is unconstitutional under the Fifth Amendment Due Process Clause and his humanitarian parole was denied in violation of the APA. TRO at 4-7. The Court addresses each argument in turn.

:

Initials of Preparer               DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03272-SVW-SK | Date | March 23, 2026 |
| Title | *Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center et al* | | |

Petitioner asserts that the Fifth Amendment Due Process clause necessitates his release. The Court has elsewhere explained that applicants for admission are entitled only to those due process rights that Congress has afforded by statute. *See Sagastegui-Ronceros Luiguie Martin v. Fereti Semaia et al*, No. 5:25-cv-03324-SVW-BFM, ECF No. 21, at 4-7. We conclude that Petitioner is in the position of an applicant for admission under 8 U.S.C. § 1225. *See* 8 U.S.C. § 1225(a)(l) ("applicant for admission" includes "[a]n alien present in the United States who has not been admitted"). Though Petitioner was paroled into the United States, that does not constitute "entry" or "admission" for purposes of the law. Moreover, as this Court explained elsewhere, 8 U.S.C. § 1226 applies only to aliens detained pursuant to a warrant. *See Altamirano Ramos v. Lyons*, --- F.Supp.3d ----, 2025 WL 3199872, at *5-*6 (describing process for arresting and detaining alien pursuant to a warrant under 8 U.S.C. § 1226, as explained by the Supreme Court). Nothing in the record here indicates that Petitioner was arrested and detained pursuant to a warrant. Petitioner, thus, as an applicant for admission, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a). *See id.*, 2025 WL 3199872, at *4-*5. Due process requires nothing more.[1]

Petitioner next argues that his continued detention violates the Fifth Amendment under *Zadvydas v. Davis*. 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that the government is entitled to a presumptively reasonable period of detention of six months to effectuate an alien's removal from the United States. *Id.* at 701. Thereafter, an alien can show his detention is unreasonable by arguing there is no significant likelihood of removal. *Id.* The holding in *Zadvydas*, however, applies only to aliens who are subject to a final order of removal and detained under 8 U.S.C. § 1231. Thus, *Zadvydas* does not apply to aliens like Petitioner against whom removal proceedings are still pending. The Court declines to extend *Zadvydas* to detainees subject to an entirely different statutory scheme than the one considered there.[2]

---

[1] Petitioner was denied bond at a hearing held before an immigration judge on December 8, 2025 because he was found to be a flight risk and danger to the community. *See* ECF No. 10-2. Petitioner contends this bond hearing was constitutionally defective. TRO at 6-7. Given we find that Petitioner is not even entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a), any argument that he received an insufficient bond hearing is foreclosed.

[2] Petitioner's final Fifth Amendment argument is that he should be released because of his deteriorating medical condition. TRO at 6. However, Petitioner cites no binding authority that says the Fifth Amendment requires this result, nor could the

|  |  | : |
|---|---|---|
|  | Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03272-SVW-SK | Date | March 23, 2026 |
|---|---|---|---|

| Title | *Henrikh Vardanyan v. Warden, Adelanto ICE Processing Center et al* |
|---|---|

Finally, Petitioner contends that ICE's refusal to grant humanitarian parole violated the APA. TRO at 4-6. On August 1, 2025, ICE denied Petitioner's request for humanitarian parole after a medical review found no serious medical conditions necessitating his release. *See* Pet., Exhibit F. However, the Attorney General's denial of Petitioner's parole requests, pursuant to 8 U.S.C. § 1182(d)(5)(A), is a discretionary decision outside this Court's review. *Garcia v. Unknown Party*, 2025 WL 3173641, at *5 (D. Ariz. Oct. 10, 2025), *report and recommendation adopted*, No. CV-24-03062-PHX-DWL, 2025 WL 3172716 (D. Ariz. Nov. 13, 2025) (collecting cases).

Because Petitioner has not shown a likelihood of success or serious questions going to the merits, the Court need not address the remaining *Winter* factors.

**V.      Conclusion**

For the foregoing reasons, Petitioner's ex parte application for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Court find any.

:

|  | Initials of Preparer | DTA |
|---|---|---|