UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRIKH VARDANYAN, | CASE NO. 5:25-cv-03272-SVW-SK |
| Petitioner, | ORDER DENYING HABEAS PETITION |
| v. | |
| WARDEN, ADELANTO ICE PROCESSING CENTER, et al., | |
| Respondents. | |

I.

Petitioner is a native and citizen of Armenia who entered the United States in December 2024, was subsequently paroled for several months, and then detained by Immigration and Customs Enforcement (ICE) in June 2025.  In December 2025, petitioner was given a so-called Rodriguez bond hearing at which the Government had to establish by clear and convincing evidence that petitioner's continued detention was warranted pending his removal proceedings.[1]  (ECF 10, 11).  The immigration judge at that hearing denied bond on the grounds that petitioner was both a flight risk and danger to the community.  (ECF 10).

Claiming that his detention in the face of his parole violated federal law, petitioner sought release from ICE custody under 28 U.S.C. § 2241.

---

[1] Named after the Ninth Circuit's decision in Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a Rodriguez bond hearing is a periodic custody redetermination proceeding—required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community.

(ECF 1).  Shortly after, he applied ex parte for a temporary restraining order (TRO) compelling the Government to release him—the same ultimate relief, in other words, that he sought in his § 2241 petition, but just accelerated. (ECF 14).  Afterward, he continued filing notices and letters seeking expedited consideration not for legal reasons, but for medical ones instead. (ECF 17, 24, 25, 26).  On March 25, 2026, in a fully-reasoned order, the Court denied petitioner's TRO application.  (ECF 27).

The petition is now ready for final disposition and must be denied for the same reasons as those detailed in the Court's March 25 order.

## II.

In that order, as relevant here, the Court found that petitioner—despite being paroled into the country—is still an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and thus subject to mandatory detention under that statute.  Because those subject to mandatory detention are, by definition, not statutorily entitled to bond hearings, the Court rejected petitioner's arguments that he was entitled to release under the Immigration and Nationality Act (INA) or the Fifth Amendment's Due Process Clause.  See also Altamirano Ramos v. Lyons, 809 F. Supp. 3d 1015, 1026 (C.D. Cal. 2025).  The Court also rejected any remaining arguments for release rooted in the Administrative Procedure Act (APA) because "the Attorney General's denial of Petitioner's parole requests, pursuant to 8 U.S.C. § 1182(d)(5)(A), is a discretionary decision outside this Court's review."  (ECF 27 at 4).

These legal conclusions dispose of the petition just as they disposed of the TRO application.  Under the Ninth Circuit's equitable "law of the case" doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Old Pers. v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2002) (citing Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988)).  Although rulings made

2

as part of a TRO or preliminary injunction are not necessarily law of the case before final judgment, "conclusions on pure issues of law" even at that early phase of proceedings are typically "binding" through judgment (absent exceptions not shown to be applicable in this case).  See Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007); see also Gonzalez v. Arizona, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc); Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1076 n.5 (9th Cir. 2015); Hueso v. Select Portfolio Servicing, Inc., 527 F. Supp. 3d 1210, 1227 (S.D. Cal. 2021).

So it is here.  When denying petitioner's TRO application, the Court concluded on the particulars of his case that nothing in the INA, the Fifth Amendment, or the APA provides petitioner a legal avenue for release under § 2241 based on his June 2025 detention by ICE.  Because those claimed legal grounds for release are identical to the ones raised in his § 2241 petition, the same outcome must follow through the law of this case.

III.

Therefore, the Court denies the petition under 28 U.S.C. § 2241. Judgment dismissing this habeas action will be entered accordingly.

IT IS SO ORDERED.

DATED: <u>April 14, 2026</u>

STEPHEN V. WILSON
United States District Judge